IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE OWEN DUSTIN,

        Plaintiff,                       No. CIV S-08-2638 EFB P

       vs.

WARDEN TOM FELKER, et al.,

        Defendants.              ORDER

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] Currently pending before the court is a document which the court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b). For the reasons explained below, the motion is denied.

     On August 17, 2009, the court dismissed this action on the ground that plaintiff failed to file an amended complaint and the Clerk entered judgment accordingly. Plaintiff has filed a document alleging that defendants have stolen his initial complaint, requesting a copy of his complaint so he can amend it, and accusing the undersigned of misconduct. Dckt. No. 23. The clear intent of the filing is to request that the judgment be set aside. Therefore, court construes

---

[1] The case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

1

this document as a motion for relief from judgment. Thus construed, the court finds that plaintiff's motion must be denied.

Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Before dismissing this action based on plaintiff's failure to file an amended complaint, the court granted plaintiff an extension of time to file that complaint and explained why the Clerk of the Court does not provide copies of documents to litigants. Dckt. No. 20. The court also noted that plaintiff repeatedly had complained that defendants had stolen his initial complaint, and that this was the reason he could not file an amended complaint. However, plaintiff provided no support for this accusation. The court therefore did not credit the accusation. Furthermore, the court noted that as this is plaintiff's cause of action, he ought to know the basis of his claims. The allegations in the instant motion are similar. He accuses defendants of stealing his complaint. As before, he provides no support for this allegation. He again requests another opportunity to file an amended complaint. However, he has not demonstrated a basis under Rule 60 for granting relief from the judgment.

In addition to the above, plaintiff accuses the undersigned of "malpractice" and discrimination, and requests that the undersigned be "disqualified" from making further rulings in this action. Dckt. No. 20. The court construes these assertions as a motion for recusal, which is denied. Plaintiff's only basis for these allegations is that the undersigned dismissed this action. Mere disagreement with a judge's ruling is not grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994)(recusal based on judge's opinions stemming from the facts of the case is appropriate only where "they display a deep-seated favoritism or antagonism that

1 would make fair judgment impossible.").

2     Accordingly, plaintiff's August 17, 2009, motions for relief from judgment and for

3 recusal are denied.

4     So ordered.

5 Dated: October 1, 2009.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE